UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

__Waco__ DIVISION



FILED
JUL 23 2012
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

Brent Justice

Ashley Richards                                    Case Number **W12CA188**

Plaintiff(s)

Vs.                                                JURY TRIAL DEMANDED

City of Waco Police Department

Brent Strohman, Chief of Police, Individually and in official capacity as Chief of Police

Officer Adams, Waco Police Department, Individually and in official capacity as Police Officer

Sergeant Jared Wallace, Waco Police Department, Individually and in official capacity as Police Officer

Officer Ireland, Waco Police Department, Individually and in official Capacity as Police Officer

Officer Pilgrim, Waco Police Department, Individually and in official Capacity as Police Officer

Sergeant W. Patrick Swanton, Waco Police Department, Individually and in official Capacity as Police Officer

## Complaint

COMPLAINT UNDER 42 U.S.C. 1983 FOR DEPRIVATION OF RIGHTS, TITLE 18, U.S.C SECTION 242 DEPRIVATION OF RIGHTS UNDER COLOR OF LAW, TITLE 18, U.S.C., SECTION 241 CONSPIRACY AGAINST RIGHTS, TITLE 42, U.S.C., SECTION 14141 – PATTERN AND PRACTICE,

COMES NOW, the Plaintiffs, Brent Justice and Ashley Richards, pro se, respectfully request this court to issue Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Damages. In Support thereof, Plaintiffs shows unto the Court as follows:

This is a civil action whereby Plaintiffs seeks Preliminary and Permanent Injunctive Relief enjoining Defendants, City of Waco Police Department,(hereafter WPD), Brent Strohman, Chief of Police, Officer D. Adams, Waco Police Department, Officer John Doe 1, Waco Police Department, Sergeant Jared Wallace, Waco Police Department, Officer Pilgrim, Waco Police Department, Officer Ireland, Waco Police Department, Sergeant W. Patrick Swanton, Waco Police Department, Commander Norsey, Waco Police Department and other conspirators, agents, servants and employees and those acting in active concert and with actual notice thereof from engaging in further violations under 42 U.S.C. 1983 FOR DEPRIVATION OF RIGHTS, TITLE 18, U.S.C SECTION 242 DEPRIVATION OF RIGHTS UNDER COLOR OF LAW, TITLE 18, U.S.C., SECTION 241 CONSPIRACY AGAINST RIGHTS, TITLE 42, U.S.C., SECTION 14141 – PATTERN AND PRACTICE, First Amendment Right to Freedom of Speech, Freedom of the Press and the 14th Amendment Right to Equal Protection, Due Process and Cruel and Unusual Punishment. An actual controversy exists between the parties, in that the challenged actions of the DEFENDANTS have caused and will continue to cause the PLAINTIFFS substantial harm unless the requested relief is granted.

## II. JURISDICTION AND VENUE

1) Jurisdiction of this Court arises under 28 U.S.C. 1331. Declaratory relief is available pursuant to 28 U.S.C. 2201.
2) Venue is proper because many of the relevant events occurred in the City of Waco within McLennan County, in the State of Texas, which is located within this District.
3) Plaintiffs Federal and any State law claims against the Defendants derive from a common focus of operative fact and are of such character that Plaintiff(s) would

ordinarily be expected to try them in one judicial proceeding. Consequently, this court has pendent jurisdiction over Plaintiff(s) State law claims against the Defendant(s).

4) This is an action brought by citizens under 42 U.S.C. 1983 for violations of the above named Acts in connection with a purported act by Plaintiff(s), the Defendant(s) arrest and seizure tactics in attempting to subdue and infringe upon Plaintiff(s) civil rights, and the Defendant(s) refusal to remedy or correct inadequacies regarding violations, despite written correspondence specifying the violations that would facilitate a reasonable reinvestigation of the matter. Thus the Plaintiff(s) seeks damages and, to the extent possible, injunctive and declaratory relief.

### III.   PARTIES

5) The Plaintiff Brent Justice is a natural citizen residing at 13919 Locke Ln, Houston, (Harris County) Texas 77077.
6) The Plaintiff Ashley Richards, is a natural citizen residing at 1613 Spring Street, Waco, (McLennan County) Texas
7) The Defendant, City of Waco Police Department is a government agency located at 721 N. 4th Street in Waco, (McLennan County) Texas 76701
8) The Defendant, Brent Strohman, is the Police Chief for Waco Police Department, at 721 N. 4th Street in Waco, (McLennan County) Texas 76701
9) The Defendants Officer D. Adams, Sergeant J. Wallace, Officer Ireland, and Officer Pilgrim are employees of the Defendant Waco Police Department, at 721 N. 4th Street in Waco, (McLennan County) Texas and were at all times relevant to this complaint using Color of Authority to facilitate the arrest and violations of Plaintiff(s) constitutionally protected rights.

### IV. STATEMENT OF FACTS

10) On or about July 4, 2012, at approximately 2230 hours, Plaintiff(s) was on Elm Street in Waco, Texas observing the annual fireworks display sponsored by the City of Waco. Plaintiff(s) witnessed several Waco citizens popping fireworks at which time Waco Police Department (WPD) arrive on the scene. Upon their arrival an officer jump from his cruiser to dismantle a crowed of youth. A firecracker landed in front of the cruiser and the officers disbursed until it discharged. Plaintiff(s) asked the officer whose name is Officer D. Adams, who was bald, and stood approximately 5'8 to 5'9, if fireworks were being directed at them. The officer stated, quote: "I don't know but I am going to shoot one of these motherfuckers" unquote. The officer then drew his service revolver and started walking towards the crowd with the gun pointed in the air. Plaintiff was

Case 6:12-cv-00188-WSS   Document 1   Filed 07/23/12   Page 4 of 16

following him and a second officer approached hereinafter referred to as Officer John Doe 1, wearing green combat fatigue and Plaintiff(s) asked were they really going to use deadly force against kids with firecrackers, at which time Officer John Doe 1 pushed Plaintiff with his shoulder and instructed Plaintiff to go the other way and to get on the sidewalk and not to follow. Plaintiff complied with his order and stood back and observed the officers.

11) At this time Plaintiff, Ashley Richards approached and Plaintiff Brent Justice asked her to get his video camera after explaining to her the officer's statement and what he had witnessed. Plaintiff, Ashley Richards returned with the video camera and began recording the officers so that Plaintiff Brent Justice could document and make a report with the WPD chief of police or its internal affairs division. Upon Plaintiff Ashley Richards attempt to cross the street, Defendant, Officer Adams who had observed her videotaping, approached Plaintiff Ashley Richards from behind, yelling at which time he grabbed Plaintiff her by the arm while her back was turned towards him in an effort to throw her to the ground. Plaintiff struggled to keep her balance and hold on to the video camera, several other officers assisted him, including Defendant Sergeant Wallace and forced Plaintiff onto the back of the police cruiser, handcuffed her and placed her under arrest. Officer Adams (who was the arresting officer) proceeded to the driver side of the police cruiser and sped off with Plaintiff Ashley Richards in his cruiser and took Plaintiff Ashley Richards 3-4 blocks away from the scene to finish his investigation. From the time Plaintiff Ashley Richards was assaulted by Defendant(s) Adams and Wallis and during the arrest, Plaintiff Brent Justice requested a supervisor.

12) Upon arriving to the location where the officer took Plaintiff Ashley Richards, Plaintiff Brent Justice was confronted by one of the arresting officers who stated he was a sergeant and instructed Plaintiff to leave and stand back away from the scene. Plaintiff complied and stood at the corner and videotaped the investigating officers. During their investigation Plaintiff noticed plain cars with either civilians or law enforcement arrive and park next to the car where Plaintiff Ashley Richards was being detained, and the Defendant Sergeant Wallace walking up to the vehicle talking to them.

13) Upon arrival of the transport officers, Plaintiff was approached by Defendant(s) Sergeant Wallace, Officers Pilgrim and Ireland. The Sergeant told Plaintiff that they wanted his video camera for evidence. Plaintiff asked why did Defendant(s) want the video camera and Defendant stated that it was used in the commission of a felony crime, alleging that Ms. Richards had hit the officer with the video camera. Defendant(s) asked Plaintiff for his name and I.D., when Plaintiff asked was he being charged with a crime the Defendant said no and stated his name was Sgt. Wallace of the Waco Police Department. Plaintiff gave Defendant his surname "Justice" and explained that he was not going to give him the camera, as it was Plaintiff(s) personal property and requested

a commanding officer. Defendant, Sergeant Wallace then told Plaintiff that if he refused to give him the video camera, that Plaintiff would be detained and possibly charged with obstruction. Plaintiff again refused to give Defendant the camera. Defendant Sergeant Wallis then told Plaintiff that he was being detained and asked Officer Pilgrim to read Plaintiff his statutory rights.

14) Upon reading Plaintiff his statutory rights, Plaintiff told Defendant Pilgrim he did not understand at which time Defendant Sergeant Wallis told Plaintiff that a commanding officer was enroute to explain the situation. Defendant, Commander Norsey or Norway arrived a short time later and asked Plaintiff what was going on. Plaintiff explained to him that he was not giving up his camera and that the assault on Plaintiff Ashley Richards was unprovoked and without merit by the officer, and that Defendant Officer D. Adams abused his Color of Authority, and felt it was racially motivated and the charges was without merit, biased and made with prejudice. The Commanding officer stated that if I would permit them to take a picture of the camera and leave my name and contact information, they would allow me to keep the camera. Plaintiff complied and allowed Defendant Officer Pilgrim to photograph the video camera, record its serial number, and record the make and model. Plaintiff was further detained while the Defendants checked for warrants and his identity verified. Upon coming back clear he was told by the Defendant(s) Sergeant Wallace and Commanding officer he was free to leave. Plaintiff left the scene without further incident while Plaintiff Ashley Richards remained there in custody.

15) At approximately 2300 hours Plaintiff called Waco Police Department dispatch and requested to speak to a shift commander to make a complaint and report about what he had witnessed and to seek assault charges on the officers involved. Plaintiff was told a shift Sergeant was enroute to his location at 1613 Spring St. No Sergeant arrived to take Plaintiff's complaint and he was eventually contacted by Defendant Commanding Officer Norsey or Norway who instructed Plaintiff to file with Internal Affairs.

V.     CAUSE(S) OF ACTION

### CAUSE 1- VIOLATION OF 42 U.S.C. 1983 – DEPRIVATION OF RIGHTS

16) The allegations of paragraphs 1 through 15 of this complain are realleged and incorporated by reference
17) The defendants Waco Police Department is a police department as defined by this Section.
18) The defendants Chief Brent Strohman, Officer Adams, Sergeant Wallis, Commander Norsey, John Doe 1, Officer Pilgrim, and Officer Ireland are police officers as defined by this Section.
19) Multiple violations of 42 U.S.C 1983 for the false representation of the character or legal status of any charge or act.
20) The foregoing violations of 42 U.S.C. 1983 are among the Defendant(s) standard procedures and practices towards citizens such as Plaintiff(s) for which Defendants are motivated by enhanced arrest.

### CAUSE 2- Title 18, U.S.C., Section 242 - Deprivation of Rights Under Color of Law

21) The allegations of paragraphs 1 through 15 of this complain are realleged and incorporated by reference
The defendant(s) Officer Adam abused his color of authority when he used it to accost/assault Plaintiff after he observed her filming police activities. Plaintiff was only warned to get out of the street after she was arrested and there was no pre-existing law being broken by Plaintiff.
22) The defendants Chief Brent Strohman, Officer D. Adams, Sergeant J. Wallace, Commander Norsey, John Doe 1, Officer Ireland, and Pilgrim are police officers as defined by this Section.
23) Multiple violations of Title 18 U.S.C., SECTION 242 for the false representation of the character or legal status of any charge or act.
24) The foregoing violations of Title 18 U.S.C., Section 242 are among the Defendant(s) standard procedures and practices towards citizens such as Plaintiff(s) for which Defendants are motivated by enhanced arrest.

### CAUSE 3 - Title 18, U.S.C., Section 241 - Conspiracy Against Rights

25) The allegations of paragraphs 1 through 15 of this complaint are realleged and incorporated by reference
26) Defendant(s) Officer D. Adams intentionally attacked Plaintiff in an effort to try to damage or seize the camera, grabbed Plaintiff arm without warning or provocation while she was crossing the street and recording. Defendant Adams abused his authority under color of authority and color of law and then conspired with Sergeant J. Wallace and other officers by falsely arresting and accusing the Plaintiff and detaining and coercing Plaintiff Brent Justice for the camera.
27) Defendants(s) Officer D. Adams, Sergeant J. Wallace, Commander Norsey, Officer Ireland, and Pilgrim conspired against the rights of Plaintiff(s) by their actions to detain Plaintiff and threaten to charge Plaintiff with obstruction as well as the subsequent charges of assault and resisting arrest against Plaintiff Ashley Richards that was without probable cause or merit.
28) The foregoing violations of Title 18 U.S.C., Section 241 are among the Defendant(s) standard procedures and practices towards citizens such as Plaintiff(s) for which Defendants are motivated by enhanced search and seizure and arrest.

### CAUSE 4 - Title 18, U.S.C., Section 245 - Federally Protected Activities

29) The allegations of paragraphs 1 through 15 of this complaint are realleged and incorporated by reference
30) Defendants(s) Officer D. Adams, Sergeant J. Wallace, Commander Norsey, John Doe 1, Officer Ireland, and Officer Pilgrim conspired against the rights of Plaintiff(s) by their actions to deny Plaintiff right to federally protected rights to freedom of speech and freedom of the press when defendants targeted and attacked Plaintiff for videotaping police activities and charged Plaintiff with assault and resisting arrest.
31) The foregoing violations of Title 18 U.S.C., Section 245 are among the Defendant(s) standard procedures and practices towards citizens such as Plaintiff(s) for which Defendants are motivated by apprehension, seizure and arrest.

### CAUSE 5 – VIOLATION OF 1ST AMENDMENT RIGHT TO FREEDOM OF SPEECH

32) The allegations of paragraphs 1 through 15 of this complaint are realleged and incorporated by reference
33) Defendants(s) Officer D. Adams, Sergeant J. Wallace, violated the rights of Plaintiff(s) by their actions to deny Plaintiff right to the constitutional protected rights to freedom of speech when defendant(s) targeted and attacked Plaintiff for videotaping police

activities and possible misconduct. Afterwards charging Plaintiff with assault and resisting arrest when Plaintiff was exercising her1st and 4th Amendment Rights.

## CAUSE 6 – VIOLATION OF 14TH AMENDMENT RIGHT TO EQUAL RIGHTS AND PROTECTION AND CRUEL AND UNUSUAL PUNISHMENT

34) The allegations of paragraphs 1 through 15 of this complaint are realleged and incorporated by reference
35) Defendants(s) Officer D. Adams, Sergeant J. Wallace, Officer Ireland, and Officer Pilgrim conspired against the rights of Plaintiff(s) by their actions to deny Plaintiff right to constitutionally guaranteed rights afforded by the 14th Amendment when defendants acted discriminatory and with disregard of Plaintiff(s) 14th Amendment protected constitutional rights when Defendants targeted and attacked Plaintiff while videotaping police activities and possible policed misconduct. Causing minor injuries to Plaintiff during Defendant's unlawful restraint. Furthermore, bringing false charges of "Assault on a Peace officer" and "Resisting Arrest" against Plaintiff Ashley Richards, and threatening to file "Obstruction" against Plaintiff Brent Justice as a means to seize the video camera.
36) The foregoing violations of 14th Amendment rights are among the Defendant(s) standard procedures and practices towards citizens such as Plaintiff(s) for which Defendants are motivated by apprehension, seizure and arrest.

## CAUSE 7 - Title 42, U.S.C., Section 14141 - Pattern and Practice

37) The allegations of paragraphs 1 through 15 of this complaint are realleged and incorporated by reference
38) The defendants Waco Police Department is a police department as defined by this Section.
39) The defendants Chief Brent Strohman, Officer D. Adams, Sergeant J. Wallace, Commander Norsey, Sgt W. Patrick Swanton, John Doe 1, Officer Ireland, and Officer Pilgrim are police officers as defined by this Section.
40) The foregoing violations of Title 42 U.S.C., Section 14141 are among the Defendant(s) standard procedures and practices towards citizens such as Plaintiff(s) for which Defendants are motivated by apprehension, seizure and arrest.

### CAUSE 8 – VIOLATION OF 4TH AMENDMENT RIGHT UNLAWFUL ARREST AND SEARCH

41) The allegations of paragraphs 1 through 15 of this complaint are realleged and incorporated by reference
42) The defendants Officer D. Adams, Sergeant J. Wallace, Officer Ireland, and Officer Pilgrim violated Plaintiff(s) 4th amendment rights by their acts and omissions to-wit: The Plaintiff was not violating any law or ordinances that warranted her being assailed, detained, arrested or charged by Officer D. Adams. Furthermore, Officer D. Adams never had cause to believe a crime was being committed or about to be committed by Plaintiff for him to establish probable cause to assail, Plaintiff or even detain or arrest the Plaintiff.
43) There were no signs or city ordinances prohibiting the Plaintiff or any other citizen/spectator from crossing the street. Plaintiff was not being a threat to herself or the public during her attempt to cross the street and had passed several officers who were in the street without incident.
44) Plaintiff alleges that Officer D. Adams observed her videotaping him and other spectators and acted illegally and maliciously under his color of authority in an effort to violate her civil rights under the 1st, 4th and 14th Amendments as well as Title 18 U.S.C. Sections 241, 242. Instead of allowing her to cross the street like other spectators Officer D. Adams accosted Plaintiff while yelling "Get out of the street".
45) Furthermore, Plaintiff was singled out by Officer D. Adams because she was videotaping.

*The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*

*An arrest constitutes a seizure under the Fourth Amendment to the U.S. Constitution, and thus the procedures by which a person is arrested must comply with the protections guaranteed by the Fourth Amendment or the arrest will be invalidated and any evidence seized during the arrest or confessions made after the arrest will typically be suppressed. The U.S. Supreme Court has ruled that arrests made without a valid arrest warrant based on Probable Cause are presumptively invalid under the Fourth Amendment. Similarly, arrests made pursuant to a warrant that is later ruled defective may also be declared invalid, unless the officer in procuring the warrant and making the arrest acted in Good Faith.*

*However, warrantless arrests do pass constitutional muster under some circumstances. The Supreme Court has ruled that warrantless arrests can be made when the circumstances make it reasonable to do so. For example, no warrant is required for a felony arrest in a public place, even if the arresting officer had ample time to procure a warrant, so long as the officer possessed probable cause that the suspect committed the crime. Felony arrests in places not open to the public generally do require a warrant, unless the officer is in Hot Pursuit of a fleeing felon. Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967*

*The exceptions to the Fourth Amendment's warrant requirement are based on the court's reluctance to unduly impede the job of law enforcement officials. Courts attempt to strike a balance between the practical realities of daily police work and the privacy and freedom interests of the public. Always requiring police officers to take the time to obtain an arrest warrant could result in the destruction of evidence, the disappearance of suspects, or both.*

*When an officer does seek an arrest warrant, the officer must present evidence to a neutral judge or magistrate sufficient to establish probable cause that a crime has been committed. The Supreme Court has said that probable cause exists when the facts within an officer's knowledge provide a reasonably trustworthy basis for a person of reasonable caution to believe that an offense has been committed or is about to be committed. Courts will deny requests when the warrant fails to describe in particularized detail the person to be arrested. The evidence upon which a warrant is based need not be ultimately admissible at trial, but it cannot be based on knowingly or intentionally false statements or statements made in reckless disregard of the truth. However, inaccuracies found in a warrant due to ordinary Negligence will not typically jeopardize a warrant's validity.*

*Police officers need no justification to stop someone on a public street and ask questions, and individuals are completely entitled to refuse to answer any such questions and go about their business. However, the Fourth Amendment prohibits police officers from detaining pedestrians and conducting any kind of search of their clothing without first possessing a reasonable and articulable suspicion that the pedestrians are engaged in criminal activity. Terry v. Ohio, 392U.S. 1, 88 S. Ct. 1868, 21 L. Ed. 889 (1968). Police may not even compel a pedestrian to produce identification without first meeting this standard. Similarly, police may not stop motorists without first having a reasonable and articulable suspicion that the driver has violated a traffic law. If a police officer has satisfied this standard in stopping a motorist, the officer may conduct a search of the vehicle's interior, including the glove compartment, but not the trunk, unless the officer*

*has probable cause to believe that it contains contraband or the instruments for criminal activity.*

*Investigatory stops or detentions must be limited and temporary, lasting no longer than necessary to carry out the purpose of the stop or detention. An investigatory stop that lasts too long turns into a de facto arrest that must comply with the warrant requirements of the Fourth Amendment. But no bright line exists for determining when an investigatory stop becomes a de facto arrest, as courts are reluctant to hamstring the flexibility and discretion of police officers by placing artificial time limitations on the fluid and dynamic nature of their investigations. Rather, the test is whether the detention is temporary and whether the police acted with reasonable dispatch to quickly confirm or dispel the suspicions that initially induced the investigative detention.*

*Both private citizens and law enforcement officers may be held liable for the tort of false arrest in civil court. An action for false arrest requires proof that the process used for the arrest was void on its face. In other words, one who confines another, while purporting to act by authority of law which does not in fact exist, makes a false arrest and may be required to pay money damages to the victim. To make out a claim for false arrest, the plaintiff must show that the charges on which he or she was arrested ultimately lacked justification. That is, the plaintiff in a false arrest action must show that the arrest was made without probable cause and for an improper purpose.*

## VI. REQUESTED RELIEF

**WHEREFORE**, Plaintiff(s) respectfully request relief as follows:

A) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and anyone in active concert with them including other conspirators, their agents, officers, servants, employees from engaging in further violations of 42 U.S.C., Section 1983, Title 18 U.S.C., Sections 241, 242, 245, 14141, and the 1st and 14th Amendment to the Constitution.
B) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and anyone in active concert with them including other conspirators, their agents, officers, servants, employees or associates from:

1) Seeking to prosecute Plaintiff on the alleged charges of Assault on a Peace officer that was a direct result of Defendant(s) abuse under color of authority and in her unlawful arrest and detention;
2) Seeking to prosecute Plaintiff on the alleged charges of Resisting Arrest that was a result of the unlawful assault by Defendant(s) Adams and Wallis
3) Selling, transferring, reporting, or otherwise assigning the above named charges to any other city, county, state, or federal law enforcement agency, county clerk, or Criminal Reporting or Credit Reporting Agency.
4) Attempting to place the Plaintiff on any "criminal record list," or attempting in any way to impugn the Plaintiff's reputation as a law abiding citizen or as a consumer in connection with any and all transactions carried out or related to the aforementioned charge(s).

(C) For an order awarding nominal damages in the following amount:

1. Against City of Waco Police department in the amount of $2,000,000

(D). For an order awarding statutory damages against each Defendant, individually and in their official capacity in the following amounts:

1) Against Waco Police Department, for violations of Title 18 Section 14141 in the amount of $1,000,000

2) Against Brent Stroman, for violations of Title 18 Section 14141 in the amount of $1,000,000

3).     Against Commander Norsey, for violations of Title 18 Section 14141 in the amount of $25,000, for violation of Title 18 U.S.C., Sections 241, 242, 245, and 42 U.S.C. 1983, in the amount of $75,000, for violations of Title 18 U.S.C. 14141, in the amount of $50,000, for violations of 1st Amendment Rights, in the amount of $50,000, for violations of 14th Amendment Rights, in the amount of $50,000.

4)      Against Officer D. Adams, for violation of Title 18 U.S.C., Sections 241, 242, 245, and 42 U.S.C. 1983, in the amount of $1,500,000, for violations of Title 18 U.S.C. 14141, in the amount of $1, 500,000, for violations of 1st Amendment Rights, in the amount of $1, 500,000, for violations of 14th Amendment Rights, in the amount of $1,500,000 for violations of 4th Amendment rights.

5).     Against Sergeant J. Wallace, for violation of Title 18 U.S.C., Sections 241, 242, 245, and 42 U.S.C. 1983, in the amount of $1,000,000, for violations of Title 18 U.S.C. 14141, in the amount of $1,000,000, for violations of 1st Amendment Rights, in the amount of $1,000,000, for violations of 14th Amendment Rights, in the amount of $1,000,000 for violations of 4th Amendment rights.

6).     Sergeant W. Patrick Swanton, for violations of Title 18 Section 14141 in the amount of $500,000, for violation of Title 18 U.S.C., Sections 241, 242, 245, and 42 U.S.C. 1983, in the amount of $750,000, for violations of Title 18 U.S.C. 14141, in the amount of $500,000, for violations of 1st Amendment Rights, in the amount of $500,000, for violations of 14th Amendment Rights, in the amount of $500,000.

7).     Against John Doe 1, for violation of Title 18 U.S.C., Sections 241, 242, 245, and 42 U.S.C. 1983, in the amount of $500,000, for violations of Title 18 U.S.C. 14141, in the amount of $500,000, for violations of 14th Amendment Rights, in the amount of $500,000.

8).     Against Officer Ireland , for violation of Title 18 U.S.C., Sections 241, 242, 245, and 42 U.S.C. 1983, in the amount of $500,000, for violations of Title 18 U.S.C. 14141, in the amount of $500,000, for violations of 14th Amendment Rights, in the amount of $500,000, , in the amount of $1,000,000 for violations of 4th Amendment rights.

9).     Against Officer Pilgrim , for violation of Title 18 U.S.C., Sections 241, 242, 245, and 42 U.S.C. 1983, in the amount of $500,000, for violations of Title 18 U.S.C. 14141, in the amount of $500,000, for violations of 14th Amendment Rights, in the amount of $500,000, , in the amount of $1,000,000 for violations of 4th Amendment rights.

(E) For an order awarding punitive damages as follows:

1. Against Waco Police Department, in the amount of $2,500,000

2. Against Officer D. Adams, in the amount of $1,500,000

3. Against Sergeant J. Wallace, in the amount of $1,250,000

4. Against Commander Norsey, in the amount of $100,000

5. Against Sergeant W. Patrick Swanton, in the amount of $100,000

6. Against Officer John Doe 1, in the amount of $100,000

7. Against Officer Ireland, in the amount of $100,000

8. Against Officer Pilgrim, in the amount of $100,000

9. Against Police Chief Brent Srohman, in the amount of $1,000,000

(F) As to all causes of Action

1) For costs of suit incurred;

2). For prejudgment interest

3) For such other declaratory or injunctive relief deemed necessary by the court to refrain and enjoin the Defendant(s) from further acts or violations of federally protected rights and statutes as just and equitable.

_____
Brent Justice, Plaintiff

13919 Locke Ln

Houston, (Harris County) Texas

_____
Ashley Richards, Plaintiff

1613 Spring Street

Waco, (Mclennan County) Texas

**DECLARATION OF OATH**

I _Ashley Richards_ and _Brent Justice_, hereby declare under the penalties of perjury that all facts presented in this complaint and attachments thereto are true and correct

Signed this __23__ day of __July__ 2012 A.D.

_(signature)_                                      _(signature)_

Brent Justice                                      Ashley Richards

13919 Locke Ln.                                    1613 Spring Street

Houston, Texas 77077                               Waco, Texas 76704

≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

W12CA188

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff _Harris_
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _McLennan_
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
_42 USC 1983 Title 18 USC_

Brief description of cause:
_Deprivation of Rights, abuse Color of Authority_

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _1,000,000_

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Rev. Ed. April 21, 2009

43